TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and*
*potential Rule 23 Class*

**Case No. 19-cv-06120**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT COURT OF NEW YORK**
------------------------------------------------------------------x

WEIDONG LI,
*on his own behalf and on behalf of others similarly*
*situated*

                                      Plaintiff,

                    v.

WIWI 1 NAIL & SPA INC
        d/b/a WiWi Nails & Spa;
WIWI NAILS & SPA INC
        d/b/a WiWi Nails & Spa;
RONGGUANG FU
        a/k/a Rong Guang Fu,
KUANLIANG HU
        a/k/a Kuan Liang Hu,
XUBO LU
        a/k/a Xu Bo Lu,
WEI WANG, and
JIXIN CAI
        a/k/a Ji Xin Cai

                                      Defendants.

------------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

        Plaintiff WEIDONG LI (hereinafter referred to as Plaintiff), on behalf of himself and

others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; WIWI

NAILS & SPA INC d/b/a WiWi Nails & Spa; RONGGUANG FU a/k/a Rong Guang Fu,

KUANLIANG HU a/k/a Kuan Liang Hu, XUBO LU a/k/a Xu Bo Lu, WEI WANG, and JIXIN

CAI a/k/a Ji Xin Cai, and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff WEIDONG LI, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wage and unpaid overtime wages, (2) An award of out-of-pocket breach-of-contract costs for gloves and masks incurred and expended by Plaintiff on Defendants' bequest and behalf;  (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid wage and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) An award of out-of-pocket breach-of-contract costs for gloves and masks incurred and expended by Plaintiff on Defendants' bequest and behalf; (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone

number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From on or about April 15, 2019 to June 22, 2019, Plaintiff WEIDONG LI was employed by Defendants to work as a nail saloon worker and masseur at 4 739 NY-28, Oneonta, NY 13820.

## DEFENDANTS

### *Corporate Defendants*

8.      Defendant WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa is a domestic business corporation organized under the laws of the State of New York with a principal

address at 739 State Highway 28, Suite 4, Oneonta, NY 13820.

9.      WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.     WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa purchased and handled goods moved in interstate commerce.

11.     Defendant WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa is a domestic business corporation organized under the laws of the State of New York with a principal address at 739 State Highway 28, Suite 4, Oneonta, NY 13820.

12.     WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13.     WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

15.     RONGGUANG FU a/k/a Rong Guang Fu known as "Big Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and

(4) maintained employee records at WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

16.     RONGGUANG FU a/k/a Rong Guang Fu, KUANLIANG HU a/k/a Kuan Liang Hu, and XUBO LU a/k/a Xu Bo Lu purchased and rented the dormitory for WiWi Nail Saloon employees to live, at 45-47 London Avenue, Oneonta, NY 13820.

17.     RONGGUANG FU a/k/a Rong Guang Fu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

18.     KUANLIANG HU a/k/a Kuan Liang Hu known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

19.     KUANLIANG HU a/k/a Kuan Liang Hu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

20.     XUBO LU a/k/a Xu Bo Lu known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee

records at WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

21.    XUBO LU a/k/a Xu Bo Lu hired Plaintiff.

22.    XUBO LU a/k/a Xu Bo Lu promised Plaintiff a weekly pay of Seven Hundred Eighty Dollars ($780) a week.

23.    XUBO LU a/k/a Xu Bo Lu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

24.    WEI WANG and Licenseholder of the Appearance Enhancement Busienss WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

25.    WEI WANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

26.    JIXIN CAI a/k/a Ji Xin Cai and Licenseholder of the Appearance Enhancement Busienss WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa, (1) had the

power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

27.     JIXIN CAI a/k/a Ji Xin Cai acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa.

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

28.     Upon information and belief, Corporate Defendants WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as they do business as WiWi Nail at the same location concurrently, and as such jointly share staff, including Plaintiff, pay Plaintiff for the work performed; and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

29.     At all times relevant herein, WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI NAILS & SPA INC d/b/a WiWi Nails & Spa was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

30.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by WIWI 1 NAIL & SPA INC d/b/a WiWi Nails & Spa; and WIWI

NAILS & SPA INC d/b/a WiWi Nails & Spa.

## **Wage and Hour Claims**

31.    There are at least thirteen (13) nail saloon employees at any one time.

32.    Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

33.    Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

34.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

35.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

36.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

37.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

38.    Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

39.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's

address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

40.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

41.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff WEIDONG LI

42.     From on or about April 15, 2019 to June 22, 2019, Plaintiff WEIDONG LI was employed by Defendants to work as a nail saloon worker and masseur at 739 State Highway 28, Suite 4, Oneonta, NY 13820.

43.     Plaintiff WEIDONG LI paid one hundred fifty dollars ($150) a month to live in the company-provided dormitory at 45-47 London Avenue, Oneonta, NY 13820.

44.     From on or about April 15, 2019 to June 22, 2019, Plaintiff WEIDONG LI's regular work schedule ran from 09:30 to 20:30 for eleven (11) hours a day for six (6) days a week, with one (1) day off, not fixed for a total of sixty-six (66) hours each week.

45.     At all relevant times, Plaintiff WEIDONG LI did not have a fixed time for lunch or for dinner.

46.     In fact, Plaintiff WEIDONG LI had less than ten (10) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to deliver.

47.     From on or about April 15, 2019 to May 25, 2019, Plaintiff WEIDONG LI was

paid a flat compensation at a rate of seven hundred eighty dollars ($780.00) per week.

48.     From on or about May 25, 2019 to June 22, 2019 , Plaintiff WEIDONG LI's pay was decreased because he was "too old."

49.     As such, Plaintiff WEIDONG LI was unlawfully discriminated against and had his pay reduced to a flat compensation at a rate of six hundred dollars ($600.00) per week.

50.     On June 22, 2019, Plaintiff WEIDONG LI was unlawfully terminated, again because he was too old, when four younger workers were hired.

51.     These four younger workers included two workers who did not have the requisite nail saloon license at the time of hire.

52.     At all relevant times, Plaintiff WEIDONG LI was not paid overtime pay for overtime work.

53.     At all relevant times, Plaintiff WEIDONG LI was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

54.     Throughout his employment, Plaintiff WEIDONG LI was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

55.     Throughout his employment, Plaintiff WEIDONG LI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

56.     Throughout his employment, Plaintiff WEIDONG LI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his

promised rate.

57.     As part of his employment with Defendants, Plaintiff WEIDONG LI was compelled to purchase gloves and masks for one hundred dollars ($100) from Defendants.

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

59.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

60.     All said persons, including Plaintiff, are referred to herein as the "Class."

61.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

62.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

***Commonality***

63.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.    Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

c.    Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

d.    Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.    Whether Plaintiff and Class members are required to provide and maintain tools of the trade on Defendants' behalf at their own cost;

f.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

h.     Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

i.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

64.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

65.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wages
Brought on behalf of the Plaintiff]**

68.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

70.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

71.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Unpaid Wages
Brought on behalf of Plaintiff]**

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

74.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

75.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

76.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

77.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

79.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

80.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

81.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

82.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

83.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

84.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class]**

85.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

87.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

88.     Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

89.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

92.     Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and the Rule 23 Class]

93.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

95.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

96.     Though the Department of Labor commissioner may permit a shorter time to

be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

97.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

98.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

100.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

101.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

102.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of Plaintiff and Rule 23 Class]

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.    The NYLL and supporting regulations require employers to provide written

notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

105.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

106.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

107.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT IX.
**[Violation of New York Labor Law—Failure to Provide Wage Statements
Brought on behalf of Plaintiff and Rule 23 Class]**

108.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

110.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on

or after each Plaintiffs' payday.

111.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).


# COUNT X.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses
### of Tools of Trade
### Brought on behalf of the Plaintiff and the Class]

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

113.    Throughout the relevant period, Defendants required their nail saloon employees to bear all of the "out-of-pocket" costs associated with their tools, including masks and gloves.

114.    Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of gloves and masks he was required to purchase, despite being Defendants' employee.

115.    The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain gloves and masks.

116.    Plaintiff purchased gloves and masks at his own expense.

117.    Plaintiff performed work for the sole benefit of the Defendants.

118.    Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gloves and masks.

119.    Defendants owe Plaintiff his overdue costs of gloves and masks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA

Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment

providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this

collective action, or that the Court issue such notice, to all persons who are presently, or have

up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action,

of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual Consent

to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to

represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful

under FLSA and New York Labor Law;

e)    An injunction against Corporate Defendants, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid minimum wage and overtime wages due under FLSA and

New York Labor Law due Plaintiff and the Collective Action members plus compensatory

and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of out-of-pocket breach-of-contract costs for gloves and masks incurred and expended by Plaintiff on Defendants' bequest and behalf;

h)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

       p)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.


Dated: Flushing, New York

July 1, 2019

                    TROY LAW, PLLC
                    *Attorneys for the Plaintiff, proposed FLSA*
                    *Collective and potential Rule 23 Class*

                    /s/ John Troy
                    John Troy (JT0481)